# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7163 | **DATE** | 10/31/2011 |
| **CASE TITLE** | Howard vs. Swedish Covenant Hospital | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [4] is granted. Plaintiff's Motion for Appointment of Counsel [5] is denied without prejudice.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Yvonne Howard brought the instant employment discrimination suit against her former employer, Swedish Covenant Hospital. She alleges racial discrimination and retaliation and seeks leave to proceed *in forma pauperis* and for appointment of counsel.

As a preliminary matter, the Court must screen the Complaint to determine whether it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). The Complaint does not appear frivolous on its face, and Plaintiff has attached a right-to-sue letter that she contends she received on July 14, 2011, which would make her Complaint timely.

Plaintiff's financial affidavit indicates that she earns $1,882 a month and that a relative with whom she lives, Ruby Howard, has received $549 in disability payments in the last year. (The Court questions whether this is a yearly or a monthly total, but will accept Plaintiff's answer as written.)

Plaintiff avers that she has no savings or investments. She owns a home worth $129,530, and makes monthly mortgage payments of $1,326.89. She also owns a vehicle worth $5,450. She avers that no one else is dependant upon her for support.

Based on the 2011 Federal HHS Poverty Guidelines, Plaintiff is not indigent. *See* 2011 HHS Poverty Guidelines, http:aspe.hhs.gov/poverty.shtml (last visited Oct. 21, 2011) (providing that a person is impoverished if his or her annual income is below $10,890 a year). Plaintiff's income of $22,584 is well above this level. However, the Court notes that most of Plaintiff's income is consumed by her monthly mortgage payments, leaving her very little income on which to live. In light of these circumstances, the Court will grant Plaintiff's petition to proceed *in forma pauperis*. However, the Court reminds Plaintiff that if her allegations of poverty are shown to be false, the case may be dismissed with prejudice. *See Mathis v. New York Life Ins.*, 133 F.3d 546, 547-48 (7th Cir. 1998).

Additionally, Plaintiff has filed a motion for appointment of counsel. She indicates that she has met with several attorneys who have refused to take her case on contingency. Civil litigants have no constitutional or statutory right to an attorney, and the decision to appoint counsel is within the trial court's

| STATEMENT |
|---|

discretion. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  In determining whether counsel should be appointed, the court must decide: (1) whether the plaintiff has made reasonable efforts to retain counsel or has been precluded from making such efforts; and if so, (2) given the difficulty of the case, is the plaintiff competent to litigate it herself; and (3) if not, would the presence of counsel make a difference in the outcome of the case.  *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

     Here, Plaintiff has made reasonable efforts to find counsel.  However, the Court finds that she is competent to litigate it hershelf.  She indicates she is a college graduate, and the issues in this case do not seem so particularly complex.  As such, the Court denies Plaintiff's motion for appointment of counsel without prejudice.